## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (ALEXANDRIA)

| | |
|---|---|
| RUBER MERCADO PAZ <br> 8575 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> PLAINTIFF, <br><br> v. <br><br> BAKECO, LLC <br> 45201 Global Plaza <br> Sterling, Virginia 20166 <br><br> SERVE: David E. Sher, Esquire <br> Sher, Cummings & Ellis <br> 3800 N. Fairfax Drive, Suite 7 <br> Arlington, Virginia 22203 <br><br> DEFENDANT | Case No: |

## COMPLAINT

Plaintiff Ruber Mercado Paz ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant BakeCo, LLC ("Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in an action under the FLSA.

2. Defendant is a limited liability company formed under the laws of the Commonwealth of Virginia that, at all times relevant to this matter, operated substantially and continuously in Sterling, Virginia.

3. At all times relevant to this action, Defendant had gross annual revenues exceeding $500,000.00.

4. At all times relevant to this action, Defendant used food products in business operations that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendant qualified as an enterprise within the meaning of the FLSA.

5. In this action, Plaintiff seeks to recover unpaid overtime wages and statutory damages under the FLSA. As such, jurisdiction in this Court is proper because Plaintiff's claim for relief against Defendant involves a Federal Question.

## FACTS AND CAUSE OF ACTION TO RECOVER WAGES AND DAMAGES UNDER THE FLSA

6. Plaintiff was employed by Defendant and performed work duties at its business facility in Sterling, Virginia for the period of about March 2012 through about January 20, 2017.

7. While employed, Defendant titled Plaintiff as a "supervisor" and paid him a flat semi-monthly salary that gradually increased during the relevant period from about $1,100.00 to $1,400.00.

8. While employed, Defendant classified Plaintiff as "exempt" from the time-and-one-half overtime requirements of the FLSA and paid Plaintiff at his straight time salary rate for all hours worked including overtime hours worked more than forty (40) per week.

9. Defendant's classification of Plaintiff as exempt from the FLSA time-and-one-half overtime pay requirement was wrong.

2

10. At no time during his period of employment did Plaintiff perform job duties that would or could qualify him as exempt under any recognized FLSA overtime exemption.

11. At no time during his period of employment did Plaintiff perform "white collar" office work.

12. While employed, Plaintiff's primary job duty was to perform labor on the factory floor working directly on the machines and frosting cookies along with his co-workers.

13. While employed, Plaintiff had no power to hire or fire other employees and his opinion on how to carry out discipline or employment decisions was not given any weight by Defendant.

14. At no time did Plaintiff make decisions that effected Defendant's business operation.

15. At no time did Plaintiff have authority to set schedules or pay rates for other employees.

16. While employed, the exact number of hours Plaintiff worked varied slightly from week to week.

17. While employed, Plaintiff typically worked about sixty-six (66) hours per week.

18. At all times during Plaintiff's employment, Defendant had knowledge of all hours Plaintiff worked and directed him to work more than forty (40) hours per week.

19. At all times, Defendant had actual knowledge of the FLSA overtime pay requirement.

20. At all times, Defendant had actual knowledge that the job duties performed by Plaintiff were non-exempt job duties.

21. At all times, Defendant had actual knowledge that the rate and method by which it paid Plaintiff for overtime worked more than forty (40) hours per week was in direct violation of the FLSA overtime pay requirement.

22. Defendant now owes Plaintiff his "half time" premium wages for overtime hours worked more than forty (40) per week.

23. For the three (3) year statutory period for which Plaintiff may now recover unpaid wages and damages under the FLSA, Defendant owes Plaintiff unpaid "half time" overtime premium wages in the amount of about $17,250.00.

24. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in the amount of about $17,250.00 or such other amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, VA 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*